**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **WILLIAM PAMPHILE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 25-13990-BEM** |
| | ) | |
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

## MEMORANDUM AND ORDER

**MURPHY, J.**

On December 26, 2025, William Pamphile, a resident of Malden, Massachusetts, filed a _pro se_ complaint, an emergency motion, and an application to proceed in district court without prepaying fees or costs (also referred to as a motion or application for leave to proceed _in forma pauperis_). Dkts. 1-3.

For the reasons stated below, the Court will ALLOW the motion for leave to proceed _in forma pauperis_, DENY the emergency motion, and direct the clerk to issue a summons.

## I.    BACKGROUND

The sole defendant named in the complaint is Allstate Insurance Company. Dkt. 1 (case caption). Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331. _Id._ at 2. According to Plaintiff, Defendant's actions and inactions violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 _et seq. Id._ at 1. Specifically, he complains that Defendant furnished "inaccurate information and fail[ed] to conduct reasonable investigations after notice." _Id._ at 8. For relief, Plaintiff seeks damages as well as emergency relief as follows:

> Temporary safter housing immediately / AIR BnB
>
> Food and daily living support
>
> Utilities and medical support
>
> Six (6) months of post-resolution housing and support

*Id.*

Attached to the complaint are more than two dozen exhibits. Dkt. 1-1 – 1-30. In his "Statement of the Case," Plaintiff contends that Defendant's conduct "caused the destruction of Plaintiff's credit, denial of mortgage financing, prolonged exposure to hazardous mold and pervasive secondhand smoke, worsening respiratory illness, severe emotional distress, and significant financial hardship to Plaintiff and his family." Dkt. 1-1 at 2. This action was assigned as related to Plaintiff's earlier action, *Pamphile v. Allstate Ins. Co.*, No. 25-12738-BEM (D. Mass. Nov. 20, 2025) (dismissing Plaintiff's claims for fraud, negligence, and emotional distress as time-barred). *Id.* at 1-2 at 1.

## II.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of the motion for leave to proceed *in forma pauperis*, Dkt. 3, the Court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## III.   MOTION FOR INJUNCTIVE RELIEF

In his emergency motion, Plaintiff seeks "emergency temporary relief in the form of safe housing, food, and basic living support, pending resolution of this action." Dkt. 2 at 1. Because Plaintiff is not represented by an attorney, the Court construes his pleadings more liberally than a pleading drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even with a liberal construction, the Court will deny the emergency motion.

"A request for a preliminary injunction is a request for extraordinary relief." *Cushing v. Packard*, 30 F.4th 27, 35 (1st Cir. 2022).   The plaintiff bears the burden to demonstrate: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (quotation marks omitted). To obtain the more "extraordinary relief of a temporary restraining order," as compared to a motion for a preliminary injunction, a party must allege "immediate and irreparable" injury or loss that will occur before the adverse party can be heard in opposition. *Imasuen v. Winn Prop. Mgmt.*, 2013 WL 6859094, at *3 (D. Mass. Dec. 26, 2013); Fed. R. Civ. P. 65(b)(1)(A).

Although the First Circuit has not yet considered whether the FCRA authorizes injunctive relief, the Fifth Circuit and several district courts have held that the only remedy for an FCRA violation is actual damages, not injunctive relief.  *See Gagnon v. Pennsylvania Higher Educ. Assistance Agency*, No. 20-381-JAW, 2020 WL 7265843, at *2 (D. Me. Dec. 10, 2020) (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Hintz v. Experian Info. Solutions, Inc.*, No. 3:10CV535-HEH, 2010 WL 4025061, at *6-7 (E.D. Va. Oct. 13, 2010); *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419 (S.D.N.Y. 2005); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005)).   Thus, Plaintiff cannot demonstrate a likelihood of success concerning his request for injunctive relief.

In addition, Plaintiff has failed to provide notice to Defendant as there is no certification in writing of any effort made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief.  *See* Fed. R. Civ. P. 65(b).   Additionally, the request is not supported with a separate

memorandum of reasons, *see* Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

IV.    **CONCLUSION**

Accordingly, it is hereby ORDERED that

1.    The motion (Dkt. 3) for leave to proceed *in forma pauperis* is ALLOWED.

2.    The emergency motion (Dkt. 2) is DENIED.

3.    The Clerk shall issue a summons for service of the complaint and shall send the summons, a copy of the complaint, and this Order to Plaintiff, who must serve Defendant with these documents in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.    Plaintiff may elect to have service made by the United States Marshals Service ("USMS").  If Plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served.  The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States.

5.    Plaintiff shall have 90 days from the date of the issuance of the summons to complete service.  Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated:  December 30, 2025        Judge, United States District Court